UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| SHIHAN ZHOU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 16-252-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| CAITLYN BRADFORD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Shihan Zhou is a resident of Lexington, Kentucky. Proceeding without counsel, Zhou has filed a civil complaint alleging that Caitlyn Bradford, her roommate in a shared apartment in Lexington, Kentucky, harassed her in June and July 2016 by playing loud music at night and encouraging her guests to engage in thinly-veiled intimidation. Zhou seeks $2500.00 in damages. [R. 1] The Court has waived payment of the filing fee by separate Order.

The Court must dismiss this action, without prejudice, because Zhou has filed her complaint in the wrong court. The Court has a continuing duty to satisfy itself that it possesses subject matter jurisdiction over the plaintiff's claims, and accordingly may raise the issue at any time during the course of an action. Fed. R. Civ. P. 12(b)(1), 12(h)(3); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992). Here, Zhou indicates her belief that this Court is the proper one for her claims because:

> District Court is the court of limited jurisdiction and
> handles juvenile matters, city and county ordinances,
> misdemeanors, violations, traffic offenses, probate of

wills, arraignments, felony probable cause hearings, small claims involving $2,500 or less, civil cases involving $5,000 or less, voluntary and involuntary mental commitments and cases relating to domestic violence and abuse.

[R. 1 at p. 1]  This summary paraphrases the jurisdictional reach of district courts created by the Commonwealth of Kentucky.  See Ky. Rev. Stat. 24A.010, .110–.130.  This Court, however, is the United States District Court for the Eastern District of Kentucky, a federal district court created by the United States.  The Court lacks subject matter jurisdiction over Zhou's claims because they do not present a federal question under 28 U.S.C. § 1331, and diversity jurisdiction is not present under 28 U.S.C. § 1332 because the plaintiff and defendant are not of diverse citizenship nor do the damages requested exceed $75,000.00.

The Court must therefore dismiss the complaint and close this case.  This dismissal is without prejudice to Zhou's right to re-file her complaint in the proper court, or if she deems appropriate, to seek assistance from police or campus authorities.

Accordingly, **IT IS ORDERED** that:

1.    The complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE.**

2.    This matter is **STRICKEN** from the active docket.

This 7th day of July, 2016.



**Signed By:**

_Joseph M. Hood_

**Senior U.S. District Judge**